### THE STATE *vs.* ALBERT FOUNTAIN.

New Castle County, November Term, 1893.

**Keeping a Gaming Table.**—A person who shares in the profits of a gaming table on which certain games are played for money is equally guilty with those who keep and exhibit such table.

The defendant was indicted for being " concerned in interest in keeping and exhibiting a gaming table on which certain games of cards were played for money." The facts of the case are sufficiently stated in the charge of the Court.

CULLEN, J., (charging the jury).

This is an indictment against Albert Fountain under the provisions of an act of Assembly, which is in these words:

" That if any person or persons shall keep or exhibit a gaming

table, faro bank, sweat-cloth, roulette table, or other device under any denomination, at which cards, dice or any other game of chance is played for money or other thing of value, or shall be a partner or concerned in interest in the keeping or exhibiting of such table, bank, sweat-cloth or device,—he, she, or they shall be deemed guilty of a misdemeanor."

The provision of this act of Assembly under which this defendant is indicted, is for being a party concerned in interest; and under that count the State seeks to convict him of the offence with which he is charged.

The act of Assembly, gentlemen, is two-fold—in the first place it has reference to a person who shall keep or exhibit, for the purpose of gaming, a table, faro bank, or other device; another provision covers the case where, though the person may not own, keep or exhibit the device, yet if he shall be a party in interest, that is, if he shall be a sharer in the profits that are derived from the carrying on of that business, he shall be just as much guilty of the offence as if he had exhibited and kept it.

The indictment under which Fountain is charged is not that he kept and exhibited a gaming table, but that other persons kept and exhibited a gaming table in the profits of which he was a sharer to some extent and interested in the keeping or exhibiting of the same.

Now, gentlemen, as far as the facts are concerned in this case, which are not disputed, it appears that Mr. Fountain was the owner of this property; that the property had been put by Mr. Fountain in the hands of a Mr. Miller for the purpose of renting it; that a gentleman by the name of Pennewill called upon Mr. Miller in order to rent these premises and the latter refused to rent the premises; and thereupon he went back, accompanied by Mr. Fountain, to rent these premises of this man Miller; that Mr. Fountain on that occasion said that he was agreed that Mr. Pennewill should have the property; that thereupon he rented the property, as Mr. Miller states to you, for a certain association of young men. It is not in dispute at all here for what purpose the building was rented.

It is in the proof and not denied that Mr. Pennewill rented this for what was called "a Social Club," and that in that social club was kept a table for the purpose of gaming and that cards were played for money. That fact being established, the next question, and the only question to decide in this matter is, Was the defendant in this case interested in the gaming that was carried on in that establishment; in other words, was he a party in interest in the keeping and exhibiting of a gaming table by the "Social Club?"

Now, certain it is that he was cognizant of the fact that this property was rented to Mr. Pennewill; that it was in his own house; that cards were played there nightly by members, even himself taking part in the game. Still, that of itself would not render him responsible, unless there is evidence to show you that he had some interest in the game—and you must determine this case according to the evidence presented here at the bar of this Court.

There have been quite a number of witnesses examined in this case. Those witnesses, it is true, have not been impeached; but, gentlemen, we must say to you at the same time that many witnesses are of course competent, but the matter of credibility is with you entirely. You may believe what a witness says or you may discard it. You must take into consideration in this case, in order to ascertain whether or not the defendant was a party in interest, all the facts and circumstances surrounding the same. According to the evidence here, he received so much a night for the gas. Now, if you are satisfied with regard to that, that is not a matter of interest. But you must take the facts and surroundings, and say whether or not he was interested; because a person cannot do indirectly that which cannot be done directly. If you believe and are satisfied from the evidence here in this case that this was a mere device on his part to relieve himself from a direct showing that he was a party in interest, then in that case you should find him guilty in manner and form as he stands indicted.

If, on the other hand, you believe that he was not a party in interest, that all this matter was a fair, *bona fide* transaction, that these

witnesses have fairly and correctly stated this case, then under those circumstances you should render a verdict of not guilty.

If you have a reasonable doubt growing out of all the facts and circumstances, as to whether or not he was a party in interest, you should give him the benefit of that doubt.

As I have stated to you, gentlemen, the whole of this matter depends entirely upon the proof as to whether or not the defendant was a party in interest. Nothing else in the indictment is relied upon except that one count.

*Verdict : " Guilty."*

*Branch R. Giles,* Deputy Attorney General, for the State.

*Walter H. Hayes,* for the defendant.